UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD OLIVER, | ) |
|       Plaintiff, | ) |
| v. | )   No.: 16-cv-4252-MMM |
| JUSTIN BRYANT, et. al., | ) |
|       Defendants. | ) |

## MERIT REVIEW AMENDED COMPLAINT

Plaintiff, proceeding pro se, files an amended complaint alleging violations of procedural due process, sexual harassment, and retaliation at the Hill Correctional Center ("Hill"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff makes sexual harassment claims against Officers Saltus, Ziegler and Perez. He claims that the three Defendants "threw a spotlight" on homosexual inmates, allowing them to wear tight clothing, to "flaunt themselves" about the facility and to color their lips with Kool-Aid. He alleges that Defendants Saltus, Ziegler and Perez called him a hermaphrodite; that Perez called him "The President of Galesburg Fags Anonymous", "fruity" and an "undercover fag." He

1

claims that Defendant Ziegler said he could "swallow a banana like a champ." While Plaintiff alleges that these statements caused him distress, this is not enough to state a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (defendant's "racially derogatory and sexually explicit language properly dismissed" because, "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"). These claims are DISMISSED.

Plaintiff asserts additional claims against Defendant Saltus. He alleges that on March 16, 2016, Defendant Saltus asked when Plaintiff had last sucked his cellmate's cock. He also threatened to strip search Plaintiff to see the size of his penis. On another occasion, Defendant Saltus accused Plaintiff of stealing an ink pen and searched him, forcefully squeezing his buttocks and genitals saying "this should teach you". On another occasion, Defendant allegedly strip searched Plaintiff and bragged to a co-worker about what he had done to "the queer".

While prison officials are permitted to touch, pat down and search a prisoner in order to determine whether the prisoner is hiding anything dangerous in his person, they may not do so "in a harassing manner intended to humiliate and inflict psychological pain." *Turner v. Huibregtse*, 421 F.Supp. 2d 1149, 1151 (W.D. Wis. March 22, 2006). Officials violate the Eighth Amendment when a search is "so totally without penological justification that it results in the gratuitous infliction of suffering." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Allegations that a search was conducted in a harassing manner, and not in an effort to advance a legitimate security interest, will state a constitutional violation. *See Turner,* (the grabbing of a prisoner's buttocks and the fondling of his penis do not advance a legitimate security interest). Here, Plaintiff has sufficiently alleged that Defendant Saltus violated his Eight Amendment

rights without penological justification.

Plaintiff claims that on March 16, 2016, he grieved the alleged sexual harassment by Defendants. These allegations were investigated and, on June 27, 2016, Defendant Bryant issued Plaintiff a disciplinary ticket for impeding an investigation, noting that the allegations of sexual harassment had been investigated and deemed unfounded. Plaintiff disputes the Court's prior merit review finding in which it identified the disciplinary ticket as issuing on June 27, 2016. Plaintiff claims that it was issued on March 16, 2016. The ticket, however, appears only to record March 16th as the date on which Plaintiff made his sexual harassment complaint. The ticket was issued on June 27, 2016, after the investigation concluded, and was served on Plaintiff on June 28, 2016. The matter went to hearing on July 1, 2016. [ECF 12 pp. 15-17].

Plaintiff was found guilty of impeding or interfering with an investigation. The Adjustment Committee noted Defendant Bryant's investigation and report which was based on Plaintiff's request slip, handwritten letter, cumulative counseling summary, mental health progress notes and "credible statements". Defendant concluded that Plaintiff brought false allegations so that he would be transferred from Hill to the Pontiac Farm or Dixon Correctional Center, a request which had previously been denied.

Plaintiff claims that Defendant Bryan violated his due process rights by bringing the false charge, not timely serving the ticket and not timely taking the matter to hearing. Plaintiff claims that he was served the ticket on June 28, 2016, 104 days after his initial complaint. He claims that under department rules he should have been served within eight days of March 16, 2016, the day he made the complaint. He also claims that the hearing was untimely as it was conducted 107 days after the infraction, rather than the required 14 days. Plaintiff cites Ill.Adm.Code § 504.30(f) and 504.80(a), in support.

3

To determine whether due process has been violated, the Court must determine whether the plaintiff was deprived of a constitutionally protected liberty or property interest and, if so, what process was due under the circumstances. *Charleston v. Bd. of Trustees*, 741 F.3d 769, 772 (7th Cir. 2013). A due process claim must identify a constitutionally recognized interest in liberty or property of which plaintiff was deprived. *Domka v. Portage County*, 523 F.3d 776, 779–80 (7th Cir. 2008). In other words, if a constitutional right is identified, then procedural due process must be provided. *Brokaw v. Mercer Co.,* 235 F.3d 1000, 1020 (7th Cir. 2000).

Here, Plaintiff claims that he spent 153 days in segregation where he was exposed to inmates throwing feces and urine. He claims that his breathing was affected by pepper spray used during cell extractions and that he was subjected to severe isolation being celled 24 hours per day. Here, Plaintiff pleads enough to identify a cognizable liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995)(inmate may have a liberty interest if the conditions of his or her disciplinary confinement impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life.")

The next issue is what process was due Plaintiff. Prison disciplinary hearings satisfy procedural due process requirement where an inmate is provided: (1) written notice of the charge against the prisoner twenty-four hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or its correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *Beecham v. Lt. Timothy Veath*, 13-1003, 2015 WL 6956582, at *3 (S.D. Ill. Nov. 10, 2015) citing *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974).

Here, Plaintiff does not claim that lack of notice, the inability to appear or call witnesses, or that he did not receive a written statement identifying the reasons for the findings. Rather, he claims that he did not receive due process due to violation of the internal timeframes for serving the ticket and convening the hearing. Plaintiff bases this on his belief that March 16, 2016, was the date of his alleged infraction. That date, however, was the date Plaintiff made a complaint which was found to be false after the investigation was concluded, presumably on June 27, 2016, the date on the ticket.

The ticket supports June 27, 2016 as the day the investigation concluded and the infraction was substantiated. *See Ellis v. Peters*, 21 F.3d 430 (7th Cir. 1994) (disciplinary hearing timely if conducted "within eight calendar days after the commission of the offense *or its discovery*...." *Id.* at *3 (emphasis in original). "Were prison officials required to charge inmates within eight days of every incident, the prison would be unable to investigate such matters fully and carefully." *Id.* at *3. Furthermore, Plaintiff does not identify any prejudice due to the allegedly delayed investigation. *See Smith v. Umbdenstock*, 962 F.2d 11 (7th Cir. 1992) (plaintiff failed to establish that issuance of disciplinary ticket outside the eight day timeframe prejudiced him and violated due process).

Even if the Court were to find that the ticket and hearing were not timely, "a violation of Section 504.80(a) in and of itself does not amount to a constitutional violation. The requirements of due process outlined in *Wolff* do not impose an eight-day limit on charging and trying inmates on prison disciplinary." *Id.* at *3. *See also, Beecham*, 2015 WL 6956582, at *3 (S.D. Ill. Nov. 10, 2015) (failure to follow timeframes outline in the Illinois Administrative Code not a due process violation.) Plaintiff's due process claim is DISMISSED.

Plaintiff also claims that Bryant retaliated by bringing false charges and inflating the charges against him. Plaintiff does not, however, claim that Defendant Bryant retaliated for a First Amendment exercise. Rather, he says that Bryant retaliated to "cover up and protect his colleagues." To effectively allege retaliation, a plaintiff must claim that he was engaged in some protected First Amendment activity, that he experienced an adverse action that would likely deter such protected activity in the future, and that the protected activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009). Plaintiff fails to do so and this claim is DISMISSED.

**IT IS THEREFORE ORDERED:**

1) This case shall proceed solely on the sexual harassment claim against Defendant Saltus. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Ziegler, Perez and Bryant are DISMISSED.

2) Plaintiff's Motions for Miscellaneous Relief, actually a motion for a merit review order and Plaintiff's Motions for Status [17] and [19] are rendered MOOT by this Order. [19] is GRANTED to the extent, however, that the Clerk is to send Plaintiff documentation as to the filing fees paid and currently owing in this case.

3) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to

Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6) Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9) Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

11/1/2017  
ENTERED

　　　　　　　s/Michael M. Mihm  
　　　　　　　MICHAEL M. MIHM  
　　　　　　　UNITED STATES DISTRICT JUDGE